DAVID T. WILENTZ, ATTORNEY-GENERAL, EX REL. A. G. BOLAND AND PAUL W. HAYES, RELATORS, v. JACK G. JERNEE, RESPONDENT.

Argued October term, 1934—Decided February 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the relators, *Cole & Cole*.

For the respondent, *Boswell & Boswell* (*W. Holt Apgar*).

BODINE, J. The relators challenge the respondent's right to the office of chief of police of Ocean City, Cape May county. Reliance is placed upon chapter 194, *Pamph. L.* 1927, *p.* 377. That act provides that in municipalities other than first and second class cities where a police department is in existence promotion shall be made from the membership of the police department. Chapter 335 (*Pamph. L.* 1931, *p.* 822; *S. S.* 1931 *Annual*, *136-1604a—1) provides that no person shall be appointed an officer or member of a police department of any municipality who is more than forty years of age. The legislation expressly provides that it shall not affect any officer or member of a police force then holding office. Respondent is more than forty years of age. Ocean City is not a first or second class city.

The plea asserts, and the demurrer admits, that the respondent was first appointed to the police department March 1st, 1920, and has continued to serve in such police department continuously until on July 26th, 1933, when he was appointed chief of police. During his service in the police department he was seasonally transferred by the mayor from his usual

police duties, such as patrolman, to take charge of life boats and to perform duties often performed by life guards. The duties performed by respondent while upon the beach and in life guard assignment were performed as a member of the police department. The circumstance that latterly the budget has contained separate items for police and life guard expense seems not to alter the fact that the respondent, a member of the police department, by instruction from the head of his department, performed his duties as the change in season and the exigencies of the public service required.

Whether respondent patroled the streets, or the beach, took care of life boats, or saved citizens from drowning, he was continuously for more than fourteen years a member of the police department of the city. All the services performed by him were in the interest of the public safety and the mere circumstance that the mayor conceived it was wise to assign respondent to duty upon the beach rather than at the railroad station, or to duty in the station house, no more changed his employment than if he had been ordered to do detective work or plainclothes duty. He was, therefore, eligible for advancement under the act of 1927. And the act of 1931 by its express terms is inapplicable.

Judgment for the respondent, with costs.